# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

KYREE L. PEREZ,

       Petitioner,

v.                                                                    Case No. 3:16-cv-1596-J-32JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

       Respondents.

_____

## ORDER

### I.   Status

Petitioner Kyree L. Perez, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner is proceeding on an Amended Petition. Doc. 11. He challenges a state court (Duval County, Florida) judgment of conviction for attempted second degree murder and possession of a firearm by a juvenile delinquent found to have committed a felony act. He is currently serving an aggregate fifty-five-year term of incarceration. Doc. 11 at 1. Respondents filed an Amended Response. See Doc. 24 (Resp.).[1] Petitioner declined to file a reply. See Doc. 26. This case is ripe for review.

---

[1] Attached to the initial Response are several exhibits. See Doc. 22. Respondents cite to the same exhibits in their Amended Response. The Court cites to the exhibits as "Resp. Ex."

## II.  **Analysis**

Petitioner raises one claim for relief. <u>See</u> Doc. 11 at 6. He claims that the state failed to file formal charges within thirty days of his arrest in violation of Florida Rule of Criminal Procedure 3.134. According to Petitioner, he was arrested on June 6, 2014, in Philadelphia, Pennsylvania, and extradited to Jacksonville, Florida, and booked into the pre-trial detention facility on July 4, 2014. He claims that the state did not file formal charges until August 1, 2014, fifty-six days after his arrest. He argues that pursuant to Rule 3.134, he should have been released on his own recognizance forty days after his arrest.

Petitioner raised this claim in a "Petition for Writ of Habeas Corpus" filed with the First District Court of Appeal. Resp. Ex. F. The First DCA construed the petition as a motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850 and transferred the motion to the trial court for consideration. Resp. Ex. G. The trial court denied the claim, finding as follows:

> A. The Defendant was arrested on June 6, 2014 in Philadelphia, PA and extradited to Jacksonville, FL on July 4, 2014.
>
> B. The Defendant was charged by information on August 1, 2014 with Attempted Murder-Second Degree and Possession of a Weapon or Ammunition by a Florida Delinquent Adult Felon.
>
> C. The Defendant is claiming that the Information was filed 56 days after his arrest and that therefore he should be released from custody.
>
> D. The Defendant cites Rule 3.134 Fla. R. Crim. P.; however, his interpretation of said Rule is misplaced.

> E.     The Defendant's remedy would have been to
> be released from custody during the pendency of the case,
> not to be relieved from serving his sentence.
>
> F.     The time to raise that issue has long since
> passed. The Defendant was found guilty by a jury of his
> peers and sentenced to 40 years Florida State Prison with
> 201 days credit as to Count I and 15 years Florida State
> Prison (Consecutive) as to Count II.
>
> G.     The Defendant appealed his case to the First
> District Court Appeal where he had the opportunity to raise
> the aforementioned issue, but apparently neglected to do so.
> The District Court affirmed his conviction and a Mandate
> was issued regarding same on April 28, 2016 . . . .

Resp. Ex. H. Petitioner attempted to seek an appeal of the trial court's denial; however, when Petitioner failed to comply with the First DCA's order directing him to file an amended notice of appeal[2] (Resp. Ex. I), the First DCA dismissed the appeal (Resp. Ex. J). Respondents argue that this claim is unexhausted and procedurally defaulted because Petitioner's appeal of the trial court's denial was dismissed. Resp. at 4-5. The Court agrees.

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to

---

[2] The First DCA directed Petitioner to file an amended notice of appeal that contained a "proper certificate of service showing service on Pamela Jo Bondi, Attorney General." Resp. Ex. I.

properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (noting "that Boerckel applies to the state collateral review process as well as the direct appeal process."). A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review.

Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause and prejudice,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S. Ct. 2639).[3] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S. Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can

---

[3] Murray v. Carrier, 477 U.S. 478 (1986).

4

establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

While Petitioner raised this claim in the trial court, the dismissal of his appeal of the trial court's denial prevented Petitioner from fairly presenting this issue to the state's highest court. As such, this claim is unexhausted and procedurally defaulted. Petitioner does not argue cause or actual prejudice from this procedural default, and he does not claim that a fundamental miscarriage of justice will result if this claim is not addressed on the merits.

Nevertheless, even if this claim was properly exhausted, it is not cognizable on federal habeas review. Petitioner is asking that the Court enforce a state created right and asserts that he was entitled to pre-charge release pursuant to Rule 3.134. However, the writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)). The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine

whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). Only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). It is not the province of this Court to reexamine the state-court determination on an issue of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).

The Court is bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992). Here, there has been no breach of a federal constitutional mandate. Petitioner has presented a state law claim, not a claim of constitutional dimension. Thus, it is not cognizable in this proceeding.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.     Petitioner's Amended Petition (Doc. 11) is **DENIED** and this case is **DISMISSED with prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

3.     If Petitioner appeals this denial, the Court denies a certificate of

appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of July, 2019.


TIMOTHY J. CORRIGAN
United States District Judge


Jax-7

C:      Kyree L. Perez, #J54349
        Thomas H. Duffy, Esq.

---

[4] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.